**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MOISES JAVIER AGUILAR PERALTA,**

      **Plaintiff,**

    **v.**

                                            Civil Action 2:26-cv-337
                                            Chief Judge Sarah D. Morrison
                                            Magistrate Judge Chelsey M. Vascura

**DEPARTMENT OF HOMELAND**
**SECURITY,** *et al.*,

      **Defendants.**

## ORDER

Plaintiffs, former detainees of Defendant Immigration and Customs Enforcement, bring this putative class action to challenge Defendants' alleged practice of conducting warrantless arrests without probable cause and irrespective of arrestees' likelihood of escape. This matter is before the Court on the motion of two named Plaintiffs, identified as F.M. and S.T., to proceed pseudonymously and for a protective order (ECF No. 4). For good cause shown, the Motion is **GRANTED**.

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh

the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit

has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also

relevant to consider whether the defendants are being forced to proceed with insufficient

information to present their arguments against the plaintiff's case. *Id.* at 561.

As to the first factor, Plaintiffs challenge government activity by challenging the arrest

practices of ICE, CBP, and the Department of Homeland Security. This factor therefore weighs

in favor of anonymity.

As to the second factor, courts routinely find that undocumented immigrants are

especially vulnerable to the possibility of retaliation for participating in legal action. *See*, *e.g.*,

*Nazih v. Cafe Istanbul of Columbus, LLC*, No. 2:17-CV-947, 2018 WL 4334613, at *4 (S.D.

Ohio Sept. 11, 2018); *M.C.C.G. v. Olson, et al.*, No. 4:26-CV-00110-BJB-HBB, 2026 WL

789094, at *1 (W.D. Ky. Mar. 20, 2026). This is especially true when plaintiffs are asylum

seekers who fear violence or retaliation in their home country. *See*, *e.g.*, *Molina v. U.S. Dep't of

Homeland Sec.*, No. CV 25-3417, 2025 WL 2800807, at *2 (D.D.C. Oct. 1, 2025); *Doe v. U.S.

Immigr. & Customs Enf't*, No. 1:23-CV-00971-MLG-JMR, 2024 WL 4389461, at *4 (D.N.M.

Oct. 3, 2024). F.M. and S.T. have both been arrested, detained, and ultimately released by

Defendants in connection with their immigration status. Both have filed declarations averring

that they fear future arrest and detention by Defendants. (ECF Nos. 4-1, 4-2.) F.M., who has a

currently pending asylum application, also fears retaliation in his home country if he is sent back

to Kenya, where he faced violence and persecution prior to entering the United States. (F.M.

Decl. ¶ 2, 33, ECF No. 4-1.) The Court therefore finds that the second factor also favors anonymity.

The third and fourth factors do not appear to be implicated in this action and therefore weigh against anonymity.

Finally, the Court can discern no prejudice that Defendants would suffer if F.M. and S.T. are permitted to proceed under pseudonyms. Plaintiffs have agreed to promptly identify themselves to Defendants upon request. Moreover, the public's ability to scrutinize the judicial proceeding will be preserved by two other named Plaintiffs who are proceeding under their own names. *See Nazih*, 2018 WL 4334613, at *4.

In sum, the Court finds that when considered together, the relevant factors favor protecting F.M.'s and S.T.'s identities. Other courts within this Circuit have reached a similar conclusion in immigration cases. *See K.E.O. v. Woosley*, No. 4:25-CV-74-RGJ (W.D. Ky. Sept. 4, 2025) (ECF No. 13); *E.V. v. Raycraft*, No. 4:25-CV-2069, (N.D. Ohio Oct. 16, 2025) (Oct. 14, 2025 Minutes of Proceedings). Therefore, Plaintiffs' Motion to Proceed Pseudonymously and For a Protective Order (ECF No. 4) is **GRANTED**. It is further **ORDERED** that:

(1) In all publicly filed documents, named Plaintiffs F.M. and S.T. shall be identified only by their initials. All documents filed with this Court that contain the F.M.'s or S.T.'s name, or contain information that would permit identification of their names, directly or indirectly, shall be filed **UNDER SEAL**.[1] The filing party must also contemporaneously file a public version with any identifying information redacted.

(2) Defendants are prohibited from disclosing the F.M.'s and S.T.'s identities to the general public or any third parties, or from using them for any purpose not directly and immediately related to defense of this action.

---

[1] In accordance with S.D. Ohio Civ. Rule 5.2.1, any party wishing to file such a document with the Court must seek advance leave to file the particular document under seal.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE