**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MOISES JAVIER AGUILAR**
**PERALTA, *et al.*,**

               **Plaintiffs,**

    **v.**

**DEPARTMENT OF HOMELAND**
**SECURITY, *et al.*,**

              **Defendants.**

:

:

:

**Case No. 2:26-cv-337**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M.**
**Vascura**

<u>**ORDER**</u>

This case arises from Defendants' alleged practice of arresting and detaining individuals without warrants or probable cause and irrespective of their likelihood of escape. The Named Plaintiffs seek a preliminary injunction requiring Defendants to suspend this practice (ECF No. 12) and provisional class certification (ECF No. 14). Briefing on the Named Plaintiffs' motions is underway, and a hearing on the same is scheduled to begin on June 3, 2026. (ECF No. 19.)

Now before the Court is the Named Plaintiffs' motion for a protective order regarding identification of the non-parties who submitted pseudonymous declarations in support of the Named Plaintiffs' prior filings. (ECF No. 26.) Specifically, the Named Plaintiffs refer to declarants I.A. and Y.R., as well as the individuals whom I.A. and Y.R. mention in their declarations, M.A.R. and J.R. (collectively, the "Non-Party Declarants"). (*See* ECF Nos. 12-10, 12-11.) The Magistrate Judge permitted two of the Named Plaintiffs (S.T. and F.M.) to proceed pseudonymously (ECF No. 6), but the Named Plaintiffs argue that this prior Order

does not encompass the Non-Party Declarants and that they deserve protection for the same reasons as S.T. and F.M. (ECF No. 26, PAGEID # 333.)

Defendants oppose the Named Plaintiffs' request.[1] They contend that it would cause them to suffer severe prejudice because it would preclude certain legal offices with knowledge or records responsive to the Named Plaintiffs' claims—i.e., the Office of the Principal Legal Advisor and the Executive Office for Immigration Review—from accessing the Non-Party Declarants' identities, thereby preventing these offices from investigating and, as a result, preventing Defendants from defending against the claims. Defendants also represent that the parties are currently negotiating a more fulsome protective order that will adequately protect the Non-Party Declarants' identities from disclosure and that Defendants will honor even though it has yet to be formally entered by the Court. Defendants also appear to suggest that the Magistrate Judge's Order as to S.T. and F.M. (ECF No. 6) should apply "by extension" to the Non-Party Declarants.

Courts have discretion to allow a litigant to proceed anonymously under a pseudonym when the litigant's privacy interests outweigh the presumption of open judicial proceedings. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (McCann King, M.J.) ("In exercising its discretion, a court must balance the

---

[1] Defendants provided their position via email correspondence to the Magistrate Judge's Chambers on April 30, 2026. Although Defendants indicated an intent to file a formal opposition, this matter is time sensitive, and the Court finds that Defendants have sufficiently responded such that further briefing is not necessary.

public's common law right of access to court proceedings against the interests of litigants in nondisclosure.") (citation omitted). Courts consider several factors as part of this determination, including:

> (1) whether the [litigants] seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [litigants] to disclose information "of the utmost intimacy"; (3) whether the litigation compels [litigants] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [litigants] are children.

*Porter*, 370 F.3d at 560 (citation omitted). "It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citation omitted).

As with S.T. and F.M., these factors favor allowing the Non-Party Declarants to proceed by pseudonym. Although this action does not appear to implicate the third and fourth factors, it involves a challenge to the practices employed by government entities—including Immigration and Customs Enforcement ("ICE"), the Department of Homeland Security ("DHS"), and Customs and Border Protection ("CPB")—such that the first factor supports anonymity.

Looking to the second factor, the Magistrate Judge previously observed that "courts routinely find that undocumented immigrants are especially vulnerable to the possibility of retaliation for participating in legal action." (ECF No. 6, PAGEID # 103 (citations omitted).) Here, the risks to the Non-Party Declarants by virtue of their participation in this case are substantially the same as those to F.M. and S.T. J.R. and Y.R. (husband and wife) entered the United States from Venezuela, once

3

possessed Temporary Protected Status ("TPS"), and have a pending asylum application. (Y.R. Decl. ¶¶ 1–2, 8–10, ECF No. 12-11.) J.R. was arrested, detained, and ultimately released by Defendants in connection with his immigration status. (*Id.* ¶¶ 32, 35.) M.A.R. (the father of I.A.) was similarly arrested and detained by ICE. (I.A. Decl. ¶¶ 29–20, ECF No. 12-10.) Although not parties to the litigation, the Non-Party Declarants have been impacted by and have expressed fear and helplessness in the face of Defendants' practices. (*Id.* ¶ 32; Y.R. Decl. ¶ 35, ECF No. 12-11); *see, e.g.*, *Oldaker v. Giles*, No. 7:20-CV-00224 (WLS), 2021 WL 3412551, at *2 (M.D. Ga. Aug. 4, 2021) (allowing non-party witnesses to proceed under pseudonym when witnesses feared retaliation by ICE or others within the United States or their home countries). The second factor sufficiently supports anonymity.

Last, the two non-pseudonymous Named Plaintiffs will continue to preserve the public's ability to scrutinize this case, and Defendants will not suffer significant prejudice if the Court permits the Non-Party Declarants to proceed under their initials. The proposed Protective Order requires the Named Plaintiffs to "provide identifying information regarding the pseudonymous party or witness to the Defendants' counsel" upon request (*see* ECF No. 26-1, PAGEID # 336), so it is not as though Named Plaintiffs will be able to hide the ball (nor have they expressed any intention to do so). Moreover, the proposed Protective Order's language allows "agent[s] or counsel of any Defendant" to use such information "for a purpose directly and immediately related to the defense of this action." (*Id.*) The Court is not persuaded, then, that Defendants will have to "defend against claims by anonymous

declarants" or will otherwise be deprived of the information necessary to make their case. Defendants seem able to comply with the protections afforded to the two pseudonymous Named Plaintiffs, so application of those protections to the Non-Party Declarants should not cause substantially more prejudice.

At bottom, the Court does not agree that Defendants' informal assurances of non-disclosure or the Magistrate Judge's prior Order are fully adequate to protect the Non-Party Declarants in this case who are similarly situated to the Named Plaintiffs. The Named Plaintiffs' motion for a protective order (ECF No. 26) is therefore **GRANTED**, and the Court **ORDERS** as follows:

- In all publicly filed documents, non-party declarants I.A., M.A.R., J.R., and Y.R. shall be identified only by their initials. All documents filed with this Court that contain their names, or contain information that would permit identification of their names, directly or indirectly, shall be filed **UNDER SEAL**.[2] The filing party must also contemporaneously file a public version with any identifying information redacted.

- The Named Plaintiffs' counsel shall, upon request of Defendants, provide identifying information regarding I.A., M.A.R., J.R., and Y.R. to Defendants' counsel.

- Defendants are prohibited from disclosing the identities of I.A., M.A.R., J.R., and Y.R. to the general public or any third parties, or from using them for any purpose not directly and immediately related to defense of this action.

   **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] In accordance with S.D. Ohio Civ. Rule 5.2.1, any party wishing to file such a document with the Court must seek advance leave to file the particular document under seal.