UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MOISES JAVIER AGUILAR PERALTA,
*et al.*,

          Plaintiffs,

    v.

                    Civil Action 2:26-cv-337
                    Chief Judge Sarah D. Morrison
                    Magistrate Judge Chelsey M. Vascura

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

          Defendants.

## ORDER

This matter came before the Court for a telephonic discovery conference on May 11, 2026. All parties appeared and were represented by counsel. This Order memorializes the results of that conference.

The parties requested the conference to resolve numerous disputes as to Plaintiff's requests for production, interrogatories, and Rule 30(b)(6) deposition topics, as well as the parties' proposals as to a stipulated protective order, in advance of the upcoming June 3, 2026 preliminary injunction hearing. During the conference, the undersigned ruled as follows.

The undersigned issued several limitations common to all of Plaintiff's discovery requests:

- Any discovery requests seeking information from prior to the class definition's relevant time period (April 22, 2025, to present) are limited to that class period.

- Because the class definition is limited to persons who have been or will be "arrested," any discovery requests that seek information about "apprehensions," "stops," or other similar terms are limited to "arrests."

- Any discovery requests with a geographic scope beyond Ohio are limited geographically to Ohio.

- As agreed by the parties, all discovery requests seeking information pertaining to arrests are limited to exclude warranted arrests. Targeted arrests (*i.e.*, those with significant pre-arrest investigation by law enforcement) remain relevant to the extent that those arrests were made without a warrant.

- As agreed by the parties, all discovery requests seeking information pertaining to arrests are limited to exclude arrests at airports.

- To the extent that Defendants contend any responsive documents are privileged, Defendants must list those documents on a privilege log with sufficient detail to permit Plaintiffs and the Court to assess the claim of privilege.

The undersigned ruled as follows as to particular discovery requests (subject to the general limitations outlined above):

- Request for Production No. 1 (seeking form I-213s for Ohio arrests): Defendants need not produce draft forms as they are protected by the deliberative process privilege. FOIA merely codified an existing privilege that is not limited to FOIA litigation. But Defendants must otherwise produce all responsive documents.

- Request for Production No. 2 (seeking Form I-213s and warrants for Named Plaintiffs and Declarants): Defendants need not produce drafts but must otherwise produce all responsive documents.

- Request for Production No. 3 (seeking daily apprehension logs): Defendants need not create any documents that do not already exist, but Defendants must produce any daily logs of arrests. If no responsive documents exist, Defendants must state as much.

- Request for Production No. 4 (seeking documents reflecting negative escape risk determinations by Defendants' agents): Defendants must respond to this request. If no additional responsive documents exist beyond those produced in response to Request for Production No. 1, Defendants may so state.

- Request for Production No. 5 (seeking training documents concerning escape risk analysis): Defendants must respond to this request, limited in scope to training applicable to those officers or employees who conduct arrests in the field.

- Request for Production No. 6 (seeking disciplinary records related to failure to conduct or document an escape analysis): Defendants must respond to this request, limited in scope to training applicable to those officers or employees who conduct arrests in the field.

- Request for Production No. 7 (seeking 287(g)(1) contracts): Defendants have identified a publicly available website (https://www.ice.gov/identify-and-arrest/287g), which appears to provide the relevant information, including Memoranda of Agreement between the relevant local law enforcement agencies and ICE. Defendant committed to verifying that this website fully responds to Request for Production No. 7; if so, Defendants need not further respond to this Request.

- Request for Production No. 8 (seeking risk assessments pertaining to documentation of escape risk): Given Plaintiffs' mere speculation that such documents exist, and the

limited scope of discovery appropriate for the upcoming preliminary injunction hearing, Defendants need not respond to this request.

- Request for Production Nos. 9–10 (seeking additional emails in the chains of May 2025 Marco Charles and Francisco Madrigal emails): The parties agree that Defendants will produce other emails in these chains, so long as they pertain to the same subject matter of the identified emails.

- Interrogatory No. 1 (seeking the number of persons released upon a negative escape risk determination): Defendants agree to respond to this interrogatory, as all of Defendants' objections were addressed by the common limitations outlined above.

- Interrogatory No. 2 (seeking numbers of arrests with and without warrants): Defendants must answer as to warrantless arrests.

- Interrogatory No. 3 (seeking identification of forms documenting escape risk or lack thereof): Defendants must answer this interrogatory.

- Interrogatory No. 4 (seeking identification of software used in immigration stops and arrests): Defendants need not answer this interrogatory as it does not seek information that is relevant to the claims or defenses in this action.

The undersigned ruled as follows as to particular topics for Defendants' Rule 30(b)(6) deposition (subject to the general limitations outlined above):

- Topic Nos. 1–2 (policy regarding warrantless arrest factors): Defendants must testify as to these topics.

- Topic No. 3 (policy regarding stops for immigration questioning, including duration, right to refuse questioning, and shows of force): Defendants must testify as to this topic.

- Topic No. 4 (differences between federal policy for immigration arrests and questioning within and outside Ohio): Defendants need not testify to this topic, as the class is limited to Ohio and out-of-state comparisons are not relevant.

- Topic No. 5[*] (numbers over time of personnel deployed for immigration enforcement in Ohio): Defendants need not testify as to this topic as it does not pertain to policies regarding warrantless arrests without escape analysis.

- Topic Nos. 6–7 (investigations, discipline, and training): Defendants must testify as to this topic, limited in scope to trainings or discipline applicable to officers and employees who make arrests in the field.

- Topic No. 8[*] (use of numerical quotas/goals/targets for immigration arrests): Defendants need not testify as to this topic as it does not pertain to policies regarding warrantless arrests without escape analysis.

- Topic No. 9 (record-keeping pertaining to I-213s): Defendants must testify as to this topic, limited to any policies and procedures regarding the creation of Form I-213 for arrests. Drafts of individual forms need not be produced or testified to, but general policies as to how a draft is created and becomes finalized are relevant and would not be protected by the deliberative process privilege. Further, absent any non-speculative basis for the improper destruction of forms, Defendants need not testify as to "information related to how records are stored, uploaded, or deleted at each field office location in Ohio."

---

[*] As requested by Plaintiffs, the undersigned has reviewed Plaintiffs' citations in their Motion for Preliminary Injunction (ECF No. 12) as to how Topic Nos. 5 and 8 might be relevant to Plaintiffs' standing arguments. The undersigned is not persuaded by Plaintiffs' briefing that a different result is warranted.

- Topic No. 10 (use of private agents to conduct arrests): Defendants must testify as to this topic. Plaintiffs are entitled to know who is carrying out immigration arrests in Ohio and under what training and policies those individuals operate.

As to the parties' dispute about ¶ 22 in Defendants' proposed protective order, Defendants clarified that their intent was to avoid the prevention of any ongoing law enforcement activities. However, the paragraph as currently worded appears to permit Defendants to use information Plaintiffs produce in discovery for law enforcement purposes. The undersigned advised that the Court would likely approve a provision reserving Defendants' right to use documents or information already in their possession, or that they obtain through means outside of this litigation, for law enforcement efforts. However, any documents produced in this litigation under the protective order must be used solely for the purpose of prosecuting or defending this action and may not be used outside the litigation. Defendants committed to providing a revised ¶ 22 for Plaintiffs' review.

Defendants advised that they are considering filing a motion for a protective order to prevent Plaintiffs' Rule 30(b)(6) deposition of Defendants from going forward at this stage of the case. Any such motion must be filed by **MAY 13, 2026**, with any opposition by Plaintiffs filed by **MAY 15, 2026**.

In addition to Defendants' Rule 30(b)(6) deposition, Plaintiffs intend to depose up to two additional employees of Defendants. Plaintiffs are **ORDERED** to provide the names of their proposed deponents to Defendants' counsel as soon as possible. Defendants' counsel is **ORDERED** to promptly coordinate with Defendants to obtain the proposed deponents' availability and advise as to the most efficient method of serving the deponents with deposition subpoenas.

6

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE