## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MOISES JAVIER AGUILAR
PERALTA, *et al.*,

                Plaintiffs,

      v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

                Defendants.

:

:

:

Case No. 2:26-cv-337
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## <u>ORDER</u>

This matter comes before the Court on Plaintiffs' request (via email) for a conference prior to the preliminary injunction hearing scheduled to begin on June 3, 2026. Plaintiffs seek guidance on several issues pertinent to the hearing, including (1) interpreters; (2) remote testimony; (3) hearing logistics and timing; (4) the exchange of witness lists, witness orders, and exhibits; and (5) the submission of documentary evidence. Upon review, the Court **GRANTS** Plaintiffs' request for a pre-hearing conference and further addresses Plaintiffs' inquiries below.

*Interpreters*. The Court understands that the parties may seek to present testimony at the hearing from individuals who do not speak English. Although Plaintiffs reference "court-appointed interpreters," there is no federal rule or statute requiring a court to appoint an interpreter for a litigant in a civil case not brought by the United States. *See Vinson v. Ann Arbor Hous. Comm'n*, No. 26-10358, 2026 WL 1008108, at *1 (E.D. Mich. Apr. 14, 2026) (citation omitted). Instead, except in

certain situations not present here, "[i]nterpreter services needed to assist parties in civil proceedings not instituted by the United States, both in-court and out-of-court, are the responsibility of the parties to the action[.]" *Id.* (quoting Guide to Judiciary Policy, Vol. 5, § 260 (Apr. 23, 2025)). Accordingly, the Court **ADVISES** the parties that it will not appoint, fund, or otherwise provide interpretation services for them or their witnesses at the hearing.

*Remote Testimony*. Plaintiffs next indicate that they intend to move for the Court's approval of remote testimony by certain witnesses. Plaintiffs (or Defendants) **SHALL** file such a motion on or before **May 22, 2026**, and any response thereto is due on **May 27, 2026**. No replies will be permitted.

That said, the Court expects the parties to work professionally and cooperatively to come to an agreement as to remote testimony and which witnesses will need to testify through those means. Insofar as the Court approves remote testimony, the Court **ADVISES** the parties that it will be counsel's responsibility to (1) coordinate with their witness and the staff at the witness's confining institution (if any) to arrange for remote presentation; and (2) provide the streaming details prior to the hearing to the Courtroom Deputy, Maria Rossi Cook, by telephone at (614) 719-3300 and by email at Maria_RossiCook@ohsd.uscourts.gov, to ensure the Court's ability to facilitate remote proceedings.

*Hearing Logistics & Timing*. Plaintiffs seek confirmation of when the hearing will begin, whether there will be breaks, and whether there will be any interruptions during the hearing for other matters.

2

Each day, the Court will begin proceedings promptly at 9:00 AM and conclude around 5:00 PM. Counsel should plan to arrive by 8:30 AM each morning in case there are issues that require discussion. The Court will be in recess during the lunch hour, and there will be one short break in the morning and one short break in the afternoon. The Court does not expect any interruptions but will timely and efficiently handle any that do arise.

*Information Exchange*. Absent the parties' agreement to the contrary, on or before **May 27, 2026**, the parties **SHALL** (1) exchange witness lists and the proposed order of their respective witnesses; and (2) provide copies of these materials to the Court via an email to the law clerk assigned to this matter, Katie Berger, at Katherine_Berger@ohsd.uscourts.gov. If the parties agree on a different disclosure date, they must notify the Court via an email to Ms. Berger.

Witness lists must include the names of all witnesses that the party intends to call at trial with a **brief** summary of each witness's expected testimony. Failure to list a witness, except upon a showing of good cause, may preclude the use of that witness at the hearing.

Absent the parties' agreement to the contrary, on or before **May 28, 2026**, the parties **SHALL** (1) exchange exhibit lists; and (2) provide copies of these exhibit lists to the Court via an email to Ms. Berger. If the parties agree on a different disclosure date, they must notify the Court via an email to Ms. Berger.

Prior to the hearing, counsel **SHALL** mark all exhibits and assemble them in three-ring tabbed binders. There should be separate binders for joint exhibits,

3

Plaintiffs' exhibits, and Defendants' exhibits. Exhibits should not be included in more than one of these binders. Plaintiffs' exhibits must bear the letter prefix "P" followed by Arabic numerals; Defendants' exhibits must bear the prefix "D" followed by Arabic numerals; and joint exhibits must bear the prefix "J" followed by Arabic numerals. Plaintiffs are responsible for joint exhibits. Each binder must include a list of exhibits in the binder.

The parties **SHALL** submit their exhibit binders to opposing counsel and the Court on or before **June 2, 2026**. Counsel must provide one copy of their tabbed exhibit binder(s) to opposing counsel and three copies to the Court. During the hearing, counsel will not approach the witness to tender an exhibit—instead, the Court will maintain a copy of each binder at the witness stand throughout trial. Exhibits produced for the first time during the hearing (for instance, exhibits used for impeachment) must be tendered to the Courtroom Deputy for marking and displayed to opposing counsel.

*Submission of Evidence*. Plaintiffs ask about the "appropriate methods" for submitting documentary evidence and evidence of which the Court may take judicial notice. The Court, however, is unclear as to the precise nature or scope of Plaintiffs' question.

Accordingly, the Court **GRANTS** Plaintiffs' request for a pre-hearing conference on this issue (and any other issues that may arise in the interim). The parties are **ORDERED** to attend an **IN-PERSON** conference with the Court on

4

**May 28, 2026**, at **10:30 AM** in **Chambers Conference Room No. 168**. No more than **FIVE (5) ATTORNEYS** per side may attend the conference.

   **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**