**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MOISES JAVIER AGUILAR PERALTA, *et al.*, | Case No. 2:26-cv-00337 |
| Plaintiffs, | Chief Judge Sarah D. Morrison |
| v. | Magistrate Judge Chelsey M. Vascura |
| MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, *et al.*, | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT TESTI[MONY] VIA VIDEO CONFERENCE AND ISSUE A WRIT OF *HABEAS CORPUS AD TESTIFICANDUM*[1]** |
| Defendants. | |

### INTRODUCTION

Defendants, through undersigned counsel, hereby oppose Plaintiffs' request for relief pursuant to Federal Rule of Civil Procedure 43(a) to allow the four named Plaintiffs, F.M., S.T., Moises Javier Aguilar Peralta, and Jose Armando De Leon Zapata, along with Declarant Guadalupe Montoya-Sedillo, to testify via live video conference at the upcoming Preliminary Injunction hearing. ECF No. 54 at 1. Defendants do not oppose Plaintiffs' request that Declarant Leosdanis Mulet be permitted to testify via live videoconference from his place of detention.

To be clear, it was Plaintiffs who have insisted litigation be held in-person—requesting depositions of government witnesses be in person and serving subpoenas on government employees to appear for the hearing. Having compelled Defendants' witnesses to undertake the expense and inconvenience of traveling for the hearing, Plaintiffs now ask to be relieved of that

---

[1] Defendants' note Plaintiffs original draft, served on the evening of May 20, 2026, and the title of their filing at ECF No. 54, only include the four named Plaintiffs, Declarant Montoya-Sadillo, and Declarant Mulet. Plaintiffs' eleventh-hour effort to include UCLA Professor Graeme Blair, and detainee Miguel Ezequiel Ajanel Pelico was made in an email request on the afternoon of Friday, May 22, 2026, *after* Defendants had already objected to the initial request.

1

very burden. In a good faith effort to respect this Court's request that the parties work "professionally and cooperatively to come to an agreement as to remote testimony," ECF No. 50 at 2, Defendants do not oppose the video conference testimony of Declarant Leosdanis Mulet from his place of detention—although Defendants hold all testimony should be held in open court. Defendants recognize that this specific request conserves the resources of the parties, and this Court given the detention or Declarant Mulet. Thus, Defendants do not make any additional arguments below in relation to Declarant Mulet.[2]

For the Plaintiffs and Declarant Montoya-Sadillo, Defendants object to their request to testify via video conference. Plaintiffs have chosen to avail themselves of this Court's jurisdiction to challenge the alleged unlawful policy imposed by the government. They cannot now use those allegations and speculation to argue they are unable to attend the hearing based on fear of arrest. ECF No. 54 at 2. Their testimony is critical to this Court's ability to adjudicate Plaintiffs' pending Preliminary Injunction and Class Certification motions. Further, they have failed to show good cause as to why their only argument—fear of arrest—constitutes a compelling circumstance to skirt live testimony given that both agencies have testified under oath that any alien released on bond would not be re-arrested absent a change in conditions.[3,4]

---

[2] With respect to detainee Miguel Ezequiel Ajanel Pelico, Defendants have no information on who this individual is, what he being called to testify to, where he is detained, or how he is related to this litigation. To the extent this Court may permit the surprise testimony of an unknown non-party, Defendants offer the same position as taken in regard to Declarant Mulet. In any regard, Defendants will be filing a forthcoming Motion in Limine to exclude detainee Miguel Ezequiel Ajanel Pelico on multiple grounds.

[3] With respect to potential witness Graeme Blair, Defendants were unaware of any intention by the Plaintiffs to call this witness, Defendants have no information on what he will be testifying to, and Defendants have had no ability to examine him as a potential expert. To the extent this Court may permit this surprise expert witness to testify at all, Defendants object to Mr. Blair appearing by video due to the mere inconvenience of traveling. Pls' Mot. at 2. In any regard, Defendants will be filing a forthcoming Motion in Limine to exclude Graeme Blair on multiple grounds.

[4] Transcripts from the depositions conducted on May 27, 2026, are not yet available, but the paraphrased language here is a faithful reflection of the agency witness testimony and is consistent

For the foregoing reasons, Defendants respectfully request that this Court partially deny Plaintiff's Motion, and require that the named Plaintiffs, and Declarant Montoya-Sedillo testify in-person.

<strong>STATEMENT OF RELEVANT FACTS</strong>

Plaintiffs, F.M., S.T., Moises Javier Aguilar Peralta, and Jose Armando De Leon Zapata filed their complaint on March 18, 2026. Plaintiffs have served no initial disclosures, or supplemental disclosures on Defendants. On April 21, 2026, Plaintiffs served discovery requests—including two interrogatories on the number of stops and arrests since December 1, 2025, the time frame chosen by plaintiffs—to which Defendants have responded.

On May 26, 2026, Plaintiffs deposed two employees of DHS and did not present any data obtained through FOIA, nor did Plaintiffs specifically ask about any additional arrest data obtained outside this litigation. At the time of this filing, no additional information regarding either one of the proposed non-party witnesses has been produced, even though Defendants objected to the testimony of both Mr. Blair and detainee Miguel Ezequiel Ajanel Pelico.

Witness lists have not been exchanged at this time, so Defendants do not know if these are the only individuals Plaintiffs intend on calling and reserve the right to object to additional witnesses attempting to appear via videoconference.

<strong>ARGUMENT</strong>

### I.  Standard of Law

Fed. R. Civ. P. 43 states that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); *see also Jennings v. Bradley*, 419 F.

---

with the case law cited below. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017).

3

App'x 594, 598 (6th Cir. 2011). "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Food Lion, LLC v. Dean Foods Co.*, No. 2:07-CV-188, 2017 WL 11681187, at *1 (E.D. Tenn. Mar. 20, 2017).

According to the Advisory Committee Notes to Rule 43, "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling." Fed. R. Civ. P. 43(a) Advisory Committee's Note to 1996 Amendment. "Rule 43's strong preference for live testimony would allow the factfinder to observe a witness's demeanor in order to determine the veracity of the testimony." *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, 470 F. Supp. 3d 735, 738 (E.D. Mich. 2020); *see also Abernathy v. Corinthian Colleges, Inc.*, No. 2:10-CV-131, 2013 WL 28251, at *9 (S.D. Ohio Jan. 2, 2013). Moreover, "inconvenience of the witness is not compelling enough" to warrant video testimony. Fed. R. Civ. P. 43(a) Advisory Committee's Note to 1996 Amendment; *see also Abernathy*, 2013 WL 28251, at *9.

## II. Plaintiffs Have Not Shown Good Cause Exists to Allow the Named Plaintiffs and Declarant Montoya-Sedillo to Testify via Videoconference

Plaintiffs argue that an alleged "well-founded fear of being unlawfully arrested and detained again" meet the good cause standard to allow testimony via videoconference. ECF No. 54 at 2. Plaintiffs further argue that the testimony of these five individuals "help to prove that ICE has a pattern and practice of conducting itself unlawfully." *Id*. Yet, the Sixth Circuit has emphasized "the preference for live testimony" and that the preference "overrides any concerns about unfairness." *Abernathy*, 2013 WL 28251 at *9 (citing *Stoner v. Sowders*, 997 F.2d 209, 212-13 (6th Cir. 1993). Plaintiffs ask the Court to find that the testimony is critical and important to

4

their case, but that it is not critical or important enough to be conducted in-person. They cannot have it both ways. Thus, this Court should deny Plaintiffs' Motion to appear via videoconference.

A.   Plaintiffs Misstate ICE's Current Guidance Regarding Arrests In or Near Courthouses

At this point, Plaintiffs are not targeted for arrest as they are already in removal proceedings and have already been arrested and ordered released on bond by an immigration judge. *See* Complaint, ECF No. 1, ¶¶ 11-14. Thus, Defendants are fully aware of Plaintiffs, their home addresses, and the dates and locations of their ongoing appearances in immigration court. Defendants could lawfully re-arrest them at any time that a District Director determines that a change in circumstances has occurred, such that an individual becomes a danger or flight risk. *See Saravia*, 280 F. Supp. 3d at 1197, *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) ("The BIA has held that, 'where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance.' ") (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981));[5] *see also Rodriguez v. Raycraft*, 2026 WL 656956, at *8 (N.D. Ohio 2026) (applying *Saravia* to an individual re-arrested after being granted parole). Defendants have not done so, and Plaintiffs have shown no reason to believe there is a heightened risk of re-arrest if they appear at the courthouse.

Plaintiffs mislead the court in their statement inferring that immigration enforcement at federal immigration courthouses is the same as federal courts. ECF No. 54 at 3. Plaintiffs' citation to *Pablo Sequen v. Albarran* fails to note that this case focused solely on immigration courts, and specifically enforcement at immigration courts in the Northern District of California. *See Pablo Sequen v. Albarran*, 814 F. Supp. 3d 1005, 1020 (N.D. Cal. 2025). In fact, the Court in *Pablo*

---

[5] *See id.* ("According to government counsel, DHS has incorporated this holding into its practice, requiring a showing of changed circumstances both where the prior bond determination was made by an immigration judge and where the previous release decision was made by a DHS officer.").

*Sequen* noted that "while many noncitizens request to appear remotely to avoid the risk of arrest, immigration judges reportedly deny many noncitizens the opportunity to do so." *Id*. at 1021. Thus, even though Plaintiffs attempt to stretch immigration enforcement actions to bend in their direction, the immigration judges in the Northern District of California more often demonstrate an understanding of the power of presenting in person.

Moreover, Plaintiffs attempt to use *Ryan v. U.S. Immigr. & Customs Enf't* to further their point that immigration enforcement operations in and around courthouses provide good cause. ECF No. 54 at 4. Yet, the First Circuit in *Ryan* noted that none of the provisions at argument in that case "bar[red] ICE officers from exercising their civil arrest power either in courthouses or against individuals attending court on official business." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 19 (1st Cir. 2020). The Court continued noting that "courts have refrained from extending [immunity] to [] arrests due to the overriding sovereign interests in enforcing the penal laws and protecting the public." *Id*. at 27. Further, the alleged unlawful arrests in *Ryan* took place in and around state courts, not federal courts as Plaintiffs are arguing here.

B.     Generally, "Good Cause in Compelling Circumstances" is a High Bar to Overcome

Plaintiffs are wrong that the federal rules "encourage" video testimony—quite the opposite—but Defendants agree it is within the Court's discretion to allow testimony via videoconference "for good cause in compelling circumstances." ECF No. 54 at 4 (citing *Palmer v. Valdez*, 560 F.3d 965, 968-69 (9th Cir. 2009) (denying motion to appear via video for lack of good cause); *see also* Fed. R. Civ. P. 43(a). Plaintiffs are also incorrect that "good cause" is somehow an easy bar to overcome. In fact, the notes accompanying Rule 43(a) contradict Plaintiffs' argument by stating "[t]he importance of presenting live testimony in court cannot be forgotten." *See also Scozzari v. City of Clare*, No. 08-10997-BC, 2012 WL 2003509, at *3 (E.D.

6

Mich. June 5, 2012) (general assertions of health, preference, and finances "are insufficient to establish good cause and compelling circumstances in order to overcome the long-standing preference for live testimony…").

Plaintiffs attempt to overcome this bar by arguing Court's "have found the requisite 'compelling circumstances' in a broad variety of scenarios," ECF No. 54 at 4, yet none of Plaintiffs' examples are identical to their request here. Plaintiffs cite to *Beltran-Tirado* and *FTC v. Swedish Match N. Am.* to show Courts have allowed testimony outside of open court. In *Beltran-Tirado*, Octavia Beltran-Tirado, a Mexican national, was convicted of stealing the identify of Mary Lou Wingbermuehle. *Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir. 2000). During Beltran-Tirado's removal proceedings, the immigration judge allowed Wingbermuehle to testify over the telephone as she was living in Missouri, and the hearing was being conducted in San Diego. *Id*. Thus the fact that Wingbermuehle was a fact witness, and living halfway across the country, allowed the immigration judge to find telephonic testimony was "fair." *Id*. Similarly, the court in *F.T.C.* found good cause was "shown by the serious inconvenience that [would] arise in requiring [the witness], a resident of Oklahoma, to appear as a witness in [a] hearing in Washington, DC." *F.T.C. v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000). However, in *F.T.C.*, the court also noted that the ample notice offered to Defendants through Plaintiff's witness list also worked against their request for live testimony. *Id.* Neither of those issues arise in this case. Here, named Plaintiffs and Declarant Montoya-Sadillo are within the state of Ohio, eliminating the need for the Court to determine what is fair. Moreover, the witnesses in *Beltran-Tirado* and *F.T.C.* were fact witnesses, not the Plaintiffs themselves.

Plaintiffs' reliance on *Jennings* is equally inapposite to the nature of Rule 43(a). In *Jennings*, "[t]he district court found that three witnesses presented security threats because they

7

were housed at maximum security prisons and had extensive disciplinary records, and that the fourth witness was in a crisis stabilization program" and lacked mental health support. *Jennings v. Bradley*, 419, F. App'x 594, 598 (6th Cir. 2011). In *Jennings*, the Sixth Circuit had to first find compelling circumstances. Here, there exists no circumstance of the nature found in *Jennings*. Defendants—through objections—have agreed not to oppose Declarant Mulet testifying from his detention facility, acknowledging the need to conserve resources. *Id*. (citing *Barnes v. Black*, 544 F.3d 807, 810 (7th Cir. 2008) (noting that moving inmates "to a distant court entails cost and even danger"). But the crux of Plaintiffs' motion extends far from the holding in *Jennings*.

Plaintiffs argue that "videoconferencing is not offered in lieu of live testimony." ECF No. 54 at 5. Yet, that is exactly the relief they seek. Plaintiffs argue "contemporaneous transmission of live testimony" performs the same job as live testimony. *Id*. (quoting *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. 3:11-MD-2244-K, 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016)). In *DePuy*, the Defendants were in control of a witness and Plaintiffs motioned for a video appearance to ensure the individual would be able to testify. *DePuy*, 2016 WL 9776572 at *2. The litigation in question was also complex multi-district litigation which presents its own inherent issues with in-person testimony that are not present here. *Id*. Nevertheless, the court in *DePuy* held that "there is very little if any real inconvenience to the witness to require them to appear at a district court within 100 miles of their residence or in their home state." *Id*. at *3. Thus, Plaintiffs' use of this case does not support their argument.

Plaintiffs use of *Castillo Frias* is also inapposite as the issue requiring video testimony in that case was the location of the witnesses—Dominican Republic—and the ongoing global pandemic of Covid-19. *Castillo Frias v. Martinez*, No. 1:19-cv-02792 (RPK) (PK), 2021 WL 2661093, at *1 (E.D.N.Y June 28, 2021).

8

On the contrary, Courts have held that a Plaintiff's health issues and financial worries—taking off work—were "not good cause or compelling circumstance under Fed. R. Civ. P. 43, *especially given that he is a Plaintiff and is prosecuting this action*." *Martinez v. Cont'l Tire the Americas, LLC*, No. 117-CV-00922 (KWR) (JFR), 2022 WL 2290957, at *1 (D.N.M June 24, 2022) (Defendants objected to Plaintiff's motion to appear remotely, "as [they] assert[] he is the most important fact witness") (emphasis added). The court in *Martinez* was not convinced the Plaintiff, as "an important fact witness," would be able to testify remotely. *Id*. Here, this Court should rule the same. Defendants would be prejudiced by the video testimony of arguably the four most important witnesses, three of whom are the named plaintiffs who filed this case. The prejudice here is particularly strong where Defendants did not depose these individuals in person, expecting they would be available at trial. *See Scozzari*, 2012 WL 2003509 at *3.

Those that bring the case—such as Plaintiffs here—continue to be held to a higher standard. In *Hamprecht v. Hamprecht*, the Petitioner submitted a motion to appear via video from Germany arguing he was "in fear of returning to the United States because his life was threatened by an individual claiming that 'his group' was hired to kill him." *Hamprecht v. Hamprecht*, No. 2:12-CV-125-FTM-29, 2012 WL 1367534, at *1 (M.D. Fla. Apr. 19, 2012). The Court was not convinced that the Petitioner "established good cause or compelling circumstances." *Id*. Thus, Courts have continually held that "good cause or compelling circumstances" is a much higher bar than general requests to appear via video. Plaintiffs have not alleged any of the types of situations that have led to the rare relief of appearing via videoconference, and the one basis they do offer—fear of arrest—falls short. Plaintiffs simply cannot show that Defendants have any incentive to arrest them at a courthouse when both agencies have testified under oath that any alien released on

9

bond would not be re-arrested absent a change in conditions. *See supra* FN 4. Thus, Plaintiffs Motion should be denied.

C.  "Fear of Arrest" Does Not Constitute Good Cause

The sole reason for the named Plaintiffs, and Declarant Montoya-Sadillo to appear via videoconference to present testimony is an alleged "well-founded fear of being unlawfully arrested and detained again." Plaintiff attempts to use *Junjiang Ji. v. Jling Inc.*, to show that fear of arrest is sufficient to show good cause. However, a fear of arrest does not constitute "good cause in compelling circumstances." Fed. R. Civ. P. 43(a). *In Re Emanuel* is instructional. In *In re Emanuel*, Kenneth Heller argued that he be allowed to testify via video based on his health and a fear of arrest. *In re Emanuel*, 406 B.R. 634, 637 (S.D.N.Y. 2009). Indeed, Heller, a fugitive of the law, was prepared to testify in person if he was granted immunity from arrest. *Id*. The Court, realizing health, and travel distance was not an issue, found that the "only justification he offer[ed] [was] his fear of arrest, and his reason is neither good nor compelling. *Id*.; *see also In re Henson,* 289 B.R. 741, 743 (Bankr. N.D. Cal. 2003) (denying motion of debtor, who left California prior to being sentenced on criminal charges, to appear at trial through a contemporaneous video transmission from Canada).

The Fourth Circuit agreed in affirming a district court decision denying a request to appear via videoconference for Dr. Mert Kivanc, an indicted criminal. *United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir. 2013). At the district court level, the parties-in-interest-Appellants, "argued that even though the government subpoenaed Dr. Kivanc and indicted him on criminal charges, Dr. Kivanc was 'unwilling to come back' to the United States, but would testify remotely." *Id*. The district court denied the request noting "allowing Dr. Kivanc to testify remotely under these circumstances would 'make a mockery of our system of justice.'" *Id*. (citing JA 966). The Fourth

Circuit agreed and stated "[t]hese facts do not amount to good cause or compelling circumstances to testify remotely." Thus, confirming that fear of arrest does not rise to good cause.

Transitioning to Plaintiffs' reliance on *Junjiang Ji. v. Jling Inc.*, a fear of arrest due to a lawful warrant is a far cry from fear of arrest based on an immigration bar preventing you from obtaining a visa to enter the United States. *See Junjiang Ji. v. Jling Inc.*, No. 15-cv-4194, 2017 WL 6501865, at *1 (E.D.N.Y. Dec. 19, 2017). Plaintiffs state "*Junjiang Ji* recognized that Rule 43(a) thwarts potential exploitation by employers of undocumented immigrants." ECF No. 54 at 6. Plaintiffs have omitted a key part of the holding they cite, where the Court noted "low wage workers in wage and hour litigation have been permitted to *testify remotely from abroad* where the travel would have caused substantial hardship and where their ability to appear may have been impeded by their immigration status." *Junjiang Ji.*, 2017 WL 6501865 at *2. Plaintiffs are not abroad and are not impeded by their immigration status. Unlike Junjiang Ji who would be arrested if he attempted to enter the country without a visa, named Plaintiffs and Declarant Montoya-Sadillo are in the state of Ohio, and have no visa issues preventing them from testifying in person. *See also Gomez-Echeverria v. Purpose Point Harvesting, LLC*, No. 1:22-cv-314, 2024 WL 5284048, at *7 (W.D. Mich. Dec. 4, 2024) (witnesses were located in Guatemala and the court allowed video testimony on the condition that the witnesses continued to try and get a visa to appear in person). Even in the challenging circumstances in *Gomez-Exheverria*, the Court continued to recognize that in-person testimony is the goal by requiring the witnesses to attempt to make in-person testimony work.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion for the named Plaintiffs and Declarant Montoya-Sadillo to appear via videoconference.

11

Dated:                                    Respectfully submitted,

                                          DOMINICK S. GERACE II
                                          United States Attorney

                                          CHRISTOPHER R. YATES (0064776)
                                          Assistant United States Attorney
                                          303 Marconi Boulevard, Suite 200
                                          Columbus, Ohio 43215
                                          christopher.yates@usdoj.gov

                                          BRETT A. SHUMATE
                                          Assistant Attorney General, Civil Division

                                          */s/ Shane A. Young*
                                          SHANE A. YOUNG (DC 1620020)
                                          Trial Attorney
                                          U.S. Department of Justice
                                          Civil Division
                                          Office of Immigration Litigation
                                          450 5th Street NW
                                          Washington, D.C. 20001
                                          (202) 532-4946
                                          shane.a.young@usdoj.gov

                                          *Attorneys for Defendants*