# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| MOISES JAVIER AGUILAR PERALTA, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security[1], *et al.*,<br><br>　　　　　Defendants. | Case No. 2:26-cv-00337<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge Chelsey M. Vascura |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF GRAEME BLAIR AND MIGUEL EZEQUIEL AJANEL PELICO

Defendants Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"), Joseph B. Edlow, Director, United States Immigration and Customs Enforcement ("ICE"), Robert Lynch, Director of Enforcement and Removal Operations ("ERO"), Detroit Field Office ("ICE"), Rodney S. Scott, Commissioner, United States Customs and Border Protection ("CBP"), and Michael W. Banks, Chief, United States Border Patrol, ("Defendants"), through undersigned counsel, hereby submits this Motion in Limine and moves for an order to exclude the proposed testimony of Miguel Ezequiel Ajanel Pelico ("Mr. Pelico") and University of California, Los Angeles, Professor Graeme Blair ("Prof. Blair"). (ECF 54, Pls.' Mot. (1) To Permit the Four Pls. and one Witness to Testify via Videoconference and (2) To Issue a Writ of Habeas Corpus Ad Testificandum and Permit a Declarant to Testify from His Place of Incarceration, hereinafter ECF 54, Pls.' Mot.)[2]

---

[1] Pursuant to Fed. R. Civ. P. 25, Markwayne Mullin, Secretary, United States Department of Homeland Security, is properly substituted for Kristi Noem.

[2] Plaintiffs' Witness List, and supporting documentation, is not due to the Court until May 28, 2026. ECF 50, PageId 734. As such, Defendants' reserve the right to amend,

## I.   STATEMENT OF FACTS RELEVENT TO THIS MOTION

Pursuant to this Court's Order, filed 12:43 pm, May 20, 2026:

> *Remote Testimony*. Plaintiffs next indicate that they intend to move for the Court's approval of remote testimony by certain witnesses. Plaintiffs (or Defendants) **SHALL** file such a motion on or before **May 22, 2026**, and any response thereto is due on **May 27, 2026**. No replies will be permitted.
>
> That said, the Court expects the parties to work professionally and cooperatively to come to an agreement as to remote testimony and which witnesses will need to testify through those means.

ECF 50, PageId 733.

Not an hour after this Court's issuance of ECF 50, quoted above, "this matter came before the Court for a telephonic discovery conference on May 20, 2026." The resulting Order stated:

> Defendants' oral motion for a protective order to relieve them of obligations to respond, prior to the preliminary injunction hearing, to any written discovery requests beyond those served on April 21, 2026, is **GRANTED**.

ECF 52, PageId 739.

Consistent with ECF 50, "Order," by email, after close of business, Wednesday, May 20, 2026, Plaintiffs' counsel asked consent of Defendants' counsel "to allow the testimony of the four named Plaintiffs, Declarant Gudalupe Montoya-Sedillo, and detained Declarant Leosdanis Mulet, remotely, by live videoconference. The basis for our request and applicable law is set forth in the attached draft motion." (quoting Plaintiffs' counsel, p. 6, Exhibit 1).

However, Plaintiffs' counsels' "attached drafted motion," made no mention, much less explanation or legal support for testimony from "a recently detained individual, Miguel Ezequiel Ajanel Pelico," nor of Prof. Blair who "will be called to

---

supplement, or withdraw this Motion depending on the final list submitted by Plaintiffs.

2

authenticate and summarize, as permitted by the Rules of Evidence, data on immigration arrests in Ohio obtained via FOIA requests from DHS and ICE…" (quoting ECF 54, Pls.' Mot., PageId 763-64 compared to "attached drafted motion," attached hereto and marked as Exhibit 2).

Responding to the "attached drafted motion," Defendants' counsel responded within the hour the same evening of Wednesday, May 20, 2026, that Defendants "need to talk it through more thoroughly tomorrow before committing a position. I will provide a response as soon as I can." (quoting Defendants' counsel, p. 6, Exhibit 1). By early afternoon, Friday, May 22, Defendants' counsel communicated with Plaintiffs' counsel that "Defendants object to the named Plaintiffs, and Declarant Gudalupe Montoya-Sedillo appearing via video for the hearing [and] [a]s to Declarant Leosdanis Mulet, Defendants do not object…" (quoting Defendants' counsel, p. 2, Exhibit 1).

Not twenty minutes from Defendants' counsels' forgoing response, *inconsistent with ECF 52, "Order,"* at 2:13 pm Friday, May 22, Plaintiffs' counsel "ask[ed] for two more," specifically; "[w]e are asking the Court to allow another detained individual, Mr. Miguel Ezequiel Ajanel Pelico, arrested on February 25, 2026, to testify from detention. Also, we are going to call UCLA Professor Graeme Blair, to be allowed to testify via live videoconference from Los Angeles. He is not called as an expert, but rather, to present data obtained directly from DHS/ICE on arrests in Ohio during the relevant time periods, and to provide, as the Rules of Evidence allow, a summary of that data." (quoting Plaintiffs' counsel, p. 1, Exhibit 1). At 4:53 pm, Friday, May 22, Defendants' counsel responds saying; "Defendants object to both of these witnesses being called at the hearing in any capacity." (quoting Defendants' counsel, p. 1, Exhibit 1).

3

At 5:26 pm, Friday May 22, the evening before the three-day weekend/Memorial Day federal holiday, Plaintiffs file ECF 54, Pls.' Mot., disclosing to Defendants' counsel and this Court alike for the first time two entirely new witnesses to the hearing pursuant to Plaintiffs' motion for preliminary injunction slated 6 business days later, Wednesday, June 3. Those 6 business days having already been committed to this Court's expedited litigation schedule including in-person depositions, responses to written discovery served on or before April 21, 2026, witness list exchange, evidence list exchange, and exhibit binders shared with counsel and the Court. (*See* ECF 19, 50, 52).

## II.   LAW AND ARGUMENT

### A. Motion *in Limine*, Surprise, and Unfair Prejudice

A motion *in limine* is a request for guidance from the trial court regarding an evidentiary question. *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). The trial court may, within its discretion, provide such guidance by making a preliminary ruling with respect to admissibility. *Id.* This serves "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)); *see also United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). Because the ruling is a preliminary determination in preparation for trial, the trial court may change it as the case unfolds. *Luce v. United States*, 469 U.S. 38, 41–42 (1984); *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

A "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule

4

403. In *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 357 (5th Cir. 1995) the court determined that the plaintiff's *in camera* evidence of a supervisor's handicap-related discriminatory remarks towards other employees was not only irrelevant but that "any probative value was outweighed by its potential for unfair prejudice, confusion and delay." The trial court, which was affirmed, also "expressed the opinion that to allow such testimony would open the door to a series of separate 'mini-trials' on each anecdotal incident, implying that such would further delay the proceedings and confuse the jury." *Id.*

The Sixth Circuit similarly held in *Schrand v. Federal Pacific Electric Company*, 851 F.2d 152, 156 (6th Cir. 1988), in which the appellate court reversed the trial court's admission of the testimony of two former employees regarding the circumstances of their termination. The court found that the evidence "offered an emotional element that was otherwise lacking as a basis for a verdict in [the plaintiff]'s favor." *Id.* The court noted that "the 'strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age.'" *Id.* (quoting *Haskell v. Kaman Corp.*, 743 F.2d 113, 122 (2d Cir. 1984)).

In this case Plaintiffs have apprised this Court that they wish to call Mr. Pelicio, ECF 54, Pls.' Mot., PageId 763. Plaintiffs reduce the identity or description of Mr. Pelico to a sentence fraction: "a recently detained individual." *Id.* Yet all four named plaintiffs to this action, and all six non-party declarants are "recently detained individual[s]," or presently detained individuals. *See* Prelim. Inj., ECF 12, PageId 192-212, 218-25. Thus, Mr. Pelico's testimony contributes nothing upon hearing on

5

preliminary injunction BUT , "…undue delay, wasting time, or needlessly presenting cumulative evidence," violative of Rule 403.

Also, unlike the named plaintiffs and declarants who have at the least offered declarations sharing "alien numbers," residence, etc., Plaintiffs share only a proper name and a sentence fraction describing Mr. Pelico's current circumstance. One calendar week before the June 3 hearing on preliminary injunction, after the expiration of discovery, Defendants are denied even the vitals necessary to confirm the identity of Mr. Pelico, much less the spectrum of facts and circumstances upon which he might be examined or cross-examined.

Prof. Blair's snap introduction to this litigation suffers similar defects under Rule 403. However, even Plaintiffs struggle to categorize the status of his input: "he is not called as an expert in data analysis (although he is)." ECF 54, Pls.' Mot., PageId 764. Prof. Blair's own public website, at https://graemeblair.com/#!expert touts his "expert witness" credentials as a separate hyperlink, dubbed "Expert work," followed by "I provide data analysis for strategic litigation on immigration enforcement in the United States."

And indeed, the foregoing summation of his "Expert work," is precisely the topic upon which Plaintiffs are calling Prof. Blair:  to "rebut[] any argument by Defendants that the four Plaintiffs' [immigration] arrests present idiosyncratic situations, rather than a policy, pattern, or practice [of federal immigration enforcement]." *Id.* at PageId 770. Thus, Prof. Blair, in the guise of "simply to present government data in a readily understandable form," is in truth advocating for a favorable outcome of Plaintiffs' claim. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which

6

tends to suggest a decision on an improper basis." *See Robinson v. Runyon,* 149 F.3d 507, 515 (6th Cir.1998); Rule 403.

In *Kovacevich v. Kent State University*, 224 F.3d 806 (6th Cir. 2000), the Sixth Circuit sustained the district court's decision to exclude a statistical study under Rule 403, noting "courts disapprove of studies and other evidence that describe trends of an entire university as opposed to the particular department in question." *Id.* at 832. Here, Prof. Blair offers his "statistical study," or "data analysis" on "data on immigration arrests in Ohio obtained via FOIA requests from DHS and ICE," without limitation as to scope of time that data represents, or the inclusion, or mention of "immigration arrests" by U.S. Customs and Border Protection, the arresting authority for half of the named Plaintiffs in this case.

Finally, Plaintiffs' Friday afternoon May 22 notice of both Mr. Pelico and Prof. Blair deprives Defendants of the opportunity to prepare for the June 3 hearing on preliminary injunction, and is contrary to this Court's Order granting Defendants' motion for "protective order to relieve them of obligations to respond, prior to the preliminary injunction hearing, to any written discovery requests beyond those served on April 21, 2026."  ECF 52, PageId 739.

B.  Plaintiffs are "proffering an expert in lay witness clothing."

In Federal Rules of Evidence, Rule 701 2000 Amendment committee notes:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3d Cir. 1995). By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures

7

that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson. *See Joseph, Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure* , 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony," and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process"). *See also United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents testifying that the defendant's conduct was consistent with that of a drug trafficker could not testify as lay witnesses; to permit such testimony under Rule 701 "subverts the requirements of Federal Rule of Criminal Procedure 16 (a)(1)(E)").

The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules. Here, Plaintiffs themselves confuse Prof. Blair's status as a witness claiming "he is not called as an expert in data analysis (although he is)." ECF 54, Pls.' Mot., PageId 764. Meanwhile, Prof. Blair publicly advertises his "Expert work," specifically in the narrow niche of expertise for which Plaintiffs are calling him to testify: "I provide data analysis for strategic litigation on immigration enforcement in the United States." (*See* https://graemeblair.com/#!expert; *see also* ECF 54, Pls.' Mot., PageId 764 ("…to present government data in a readily understandable form.")

The Court of Appeals for the Sixth Circuit has spoken to Plaintiffs' attempt to sidestep expert disclosure and testimony in Rule 702 and instead veil it as lay witness testimony under Rule 701. In *US v White*, 492 F3d 380, 401 (6th Cir. 2007), Medicare auditors summarized Medicare billing for the jury designated as Rule 701 lay witnesses. The Sixth Circuit ruled that the district court had committed error in permitting Medicare auditors to testify as they did under Rule 701. Yet Plaintiffs are

calling Prof. Blair to testify to the very same: "Professor Blair will be called to authenticate and summarize . . . data on immigration arrests in Ohio obtained via FOIA requests from DHS and ICE."  ECF 54, Pls.' Mot., PageId 764.

Additionally, by the ruling set out in *US v. Howell*, 17 F4th 673, 685 (6th Cir. 2021), Prof. Blair is not eligible to testify *in any capacity* – Rule 701, lay person, or Rule 702, expert. The Sixth Circuit ruled in *Howell* that it is impermissible for either lay or expert witness to go beyond recitation or analysis of facts to "explaining to a jury what inferences to draw" from those facts, or analysis. In this case, on one page of ECF 54, Pls.' Mot., Prof. Blair is "simply [] present[ing] government data in a readily understandable form," (PageId 764), yet 6 pages later Prof. Blair will be arguing the merits of Plaintiffs' claim, that is, according to Plaintiffs, his testimony "rebuts any argument by Defendants that the four Plaintiffs' arrests present idiosyncratic situations, rather than a policy, pattern, or practice." *Id.* at PageId 770. Indeed, Plaintiffs' singular claim for relief is that "Defendants have a policy and practice of making warrantless arrests in Ohio without making individualized determinations that the person arrested is likely to escape before a warrant can be obtained as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii)."  (*See* Pls.' Compl., ECF 1, PageId 32-33, ¶¶ 108-13 "Claim for Relief.")

On the basis of the foregoing case law, Prof. Blair should not be permitted to testify in the June 3 hearing on Preliminary Injunction in any capacity.

9

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
christopher.yates@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

*/s/ Shane A. Young*
SHANE A. YOUNG (DC 1620020)
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
450 5th Street NW
Washington, D.C. 20001
(202) 532-4946
shane.a.young@usdoj.gov

*Attorneys for Defendants*