## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MOISES JAVIER AGUILAR
PERALTA, *et al.*,

                 **Plaintiffs,**

     v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

                 **Defendants.**

:

:

:

**Case No. 2:26-cv-337**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

### OPINION AND ORDER

This case is set for a preliminary injunction hearing beginning on June 3, 2026. (ECF No. 19.) Plaintiffs now move for permission to testify at the hearing via live videoconference. (ECF No. 54.) They also ask the Court to allow four of their witnesses—namely, Miguel Ezequiel Ajanel Pelico, Professor Graeme Blair, Leosdanis Mulet, and Guadalupe Montoya-Sedillo[1]—to do the same. (*Id.*)

Defendants oppose all but one of Plaintiffs' requests. (ECF No. 55.) Defendants further move *in limine* to exclude the testimony of Professor Blair and Mr. Ajanel Pelico. (ECF No. 56.)

### A.     Remote Testimony by Leosdanis Mulet

Defendants do not oppose Plaintiffs' request that Mr. Mulet, an incarcerated Cuban national who submitted a declaration in support of Plaintiffs' preliminary

---

[1] Plaintiffs refer to Mr. "Montoya-Sedillo" in their Motion, but his declaration reflects other spellings: "Montoya Sadillo" and "Montoya-Cedillo." (*Compare* ECF No. 54 *with* ECF No. 12-7.) The Court will use the spelling in Plaintiffs' Motion.

injunction motion (*see* ECF No. 12-6), be permitted to testify via live videoconference from his place of detention. (ECF No. 55, PAGEID # 775.) The Court thus **GRANTS** this portion of Plaintiffs' Motion.

The U.S. Marshals Service has advised that a writ of *habeas corpus ad testificandum* is unnecessary. So, the Court need not issue such a writ. Instead, the Court **ORDERS** that Mr. Mulet be produced as a witness to testify remotely at the preliminary injunction hearing at **a time to be determined between June 3, 2026, and June 5, 2026**. To facilitate such remote proceedings, Plaintiffs' counsel **SHALL** (1) coordinate with Mr. Mulet and the staff at the Butler County Jail to arrange for remote presentation; and (2) coordinate with the Courtroom Deputy, Maria Rossi Cook, to ensure that live videoconferencing is feasible.

### B.      Remote Testimony by Plaintiffs and Mr. Montoya-Sedillo

Plaintiffs next seek the Court's permission to testify at the hearing remotely by live videoconference. They make the same request for Mr. Montoya-Sedillo, a Mexican citizen who submitted a declaration in support of Plaintiffs' preliminary injunction motion. Plaintiffs argue that remote testimony is warranted because they and Mr. Montoya-Sedillo "have a legitimate, well-founded fear of being unlawfully arrested and detained again" if they were required to attend in person. (ECF No. 54, PAGEID # 764.)

In response, Defendants point out that Plaintiffs have chosen to avail themselves of this Court's jurisdiction, such that the Court should require them to litigate their claims in person. (ECF No. 55, PAGEID # 776.) Defendants also

2

maintain that Plaintiffs have not sufficiently shown why the fear of arrest justifies remote testimony. (*Id.*)

Live testimony is almost always preferred over remote testimony. *See* Fed. R. Civ. P. 43, Advisory Committee Notes to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."); *see also, e.g., Hensley v. Bossio*, No. 23-5606, 2024 WL 2799261, at *4 (6th Cir. May 31, 2024) (referencing "the background preference of the Federal Rules of Civil Procedure for live over remote testimony"); *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, 470 F. Supp. 3d 735, 738 (E.D. Mich. 2020) (noting "Rule 43's strong preference for live testimony"). Nevertheless, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Because Rule 43(a)'s language "is permissive, a court may allow for remote testimony when the requesting party has satisfied the Rule's requirements, but it is not required to do so." *Hensley*, 2024 WL 2799261, at *4 (citation omitted); *see also Maseru v. Univ. of Cincinnat*i, No. 1:18-CV-106, 2022 WL 19039626, at *1 (S.D. Ohio Oct. 4, 2022) (McFarland, J.) ("Whether ... to conduct testimony by video transmission is within the sound discretion of the trial court, reviewable only for abuse of discretion.") (citation omitted).

Contemporaneous, remote transmission in lieu of live testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend" the proceedings. Fed. R. Civ. P. 43, Advisory Committee Notes to 1996 amendment.

Instead, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* "Other possible justifications for remote transmission must be approached cautiously." *Id.*

The Court will not permit Plaintiffs or Mr. Montoya-Sedillo to testify remotely via live videoconference because their fear of re-arrest upon their personal attendance does not rise to the level of good cause in compelling circumstances. Initially, Defendants represent that "Plaintiffs are not targeted for arrest" and that agency representatives testified under oath that "any alien released on bond would not be re-arrested absent a change in conditions." (ECF No. 55, PAGEID ## 776, 779); *see also, e.g.*, *Singh v. Janecka, et al.*, No. 5:26-CV-01466-AYP, 2026 WL 1334832, at *2 (C.D. Cal. May 8, 2026) ("Agency precedent likewise recognizes that a prior release should not be revoked absent materially changed circumstances.") (citing *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1194–98 (N.D. Cal. 2017)); *cf. Rodriguez v. Raycraft*, No. 4:26-CV-0302, 2026 WL 656956, at *8 (N.D. Ohio Mar. 9, 2026). Beyond Plaintiffs' speculation, nothing indicates that circumstances will change for them or Mr. Montoya-Sedillo, at least during the hearing, that could lead to their re-arrest. (*See also* Tr. 27:14–28:3, ECF No. 58 ("But, as of yesterday, both—the acting assistant field office director for Columbus said that they would not—there should not be an issue with them attending in person.").)

4

Other courts have found that the fear of arrest is not sufficient to warrant remote proceedings. *See, e.g.*, *In re Emanuel*, 406 B.R. 634, 637 (Bankr. S.D.N.Y. 2009) ("The only justification he offers is his fear of arrest, and his reason is neither good nor compelling [under Rule 43(a).]"); *cf. United States v. All Funds on Deposit at Old Mut. of Bermuda Ltd. Cont. No. CX4011696 in Bermuda*, No. 2:13-CV-294, 2014 WL 1912091, at *2 (S.D. Tex. May 13, 2014) ("Claimant Torres argues that he will be arrested and held without bond if he crosses into the United States for the deposition. Courts have rejected this argument in similar circumstances … [and] Petitioner's fear of arrest is not a legitimate reason for holding a remote deposition."). Similarly, though the infeasibility of attending court proceedings in person because of one's immigration status can rise to the level of compelling circumstances, *see Zamora v. Ljubica Contractors LLC*, No. 18-CV-419 (VSB), 2025 WL 2494271, at *4 (S.D.N.Y. Aug. 29, 2025) (citing cases), the vast majority of cases standing for this proposition involve individuals who were unable to legally *enter* the United States due to prior deportation or visa issues. The near certainty of their apprehension upon attempting to come into the country is not the same as the risk faced by Plaintiffs and Mr. Montoya-Sedillo, who are already in Ohio.

Contrary to Plaintiffs' position, Rule 43(a) far from "encourage[s]" videoconferencing testimony. (ECF No. 54, PAGEID # 766.) Rather, the standard requires good cause and compelling circumstances, consequently setting a high bar. Plaintiffs have not overcome the long-standing preference for live testimony, especially given that they are the most important fact witnesses in this case and

5

that they chose to bring their claims and seek to serve as representatives before this Court. Their Motion as to themselves and Mr. Montoya-Sedillo is **DENIED**.

### C.    Defendants' Motion *in Limine*

Finally, Plaintiffs request that the Court permit Mr. Ajanel Pelico and Professor Blair to testify remotely. (ECF No. 54.) On the other side, Defendants oppose remote testimony and further move *in limine* to exclude their testimony altogether. (ECF Nos. 55, 56.)

### 1.    Standard of Review

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, the practice of ruling on motions *in limine* "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *Cephas-Hill v. Linden Med. Ctr./Mid-Ohio Fam. Prac. Assocs.*, No. 2:20-CV-4281, 2023 WL 11938835, at *1 (S.D. Ohio June 21, 2023) (Watson, J.) (citation omitted). If a court is unable to determine whether certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context. *Advance Wire Forming, Inc. v. Stein*, 603 F. Supp. 3d 551, 557 (N.D. Ohio 2022). A court "may change its ruling on a motion *in limine* where sufficient facts have developed to warrant the change." *Cephas-Hill*, 2023 WL 11938835, at *1 (citation omitted).

6

**2.    Analysis**

Turning first to Mr. Ajanel Pelico, Defendants contend that his testimony "contributes nothing" to the preliminary injunction hearing and violates Rule 403's prohibition against undue delay, wasting time, or needlessly presenting cumulative evidence. (ECF No. 56, PAGEID ## 791–92.) Defendants also argue that Plaintiffs disclosed Mr. Ajanel Pelico at the eleventh hour and have not provided enough information about him to allow Defendants to prepare for cross-examination. (*Id.*)

The Court is not persuaded that Mr. Ajanel Pelico's testimony will be cumulative or otherwise run afoul of Rule 403. Plaintiffs represent that he was arrested on February 25, 2026—months after the arrests of Plaintiffs and the other at-issue declarants. (*Compare* ECF No. 56-1, PAGEID # 797, *with* ECF Nos. 12-1, 12-2, 12-3, 12-4, 12-6, 12-7 (showing arrests in April 2025, September 2025, and December 2025).) Thus, Mr. Ajanel Pelico's testimony about his experience may not be exactly the same as the other witnesses and could be relevant to show the continuing nature of Defendants' alleged policy and practice. Moreover, Plaintiffs' counsel confirmed at a pre-hearing status conference that Defendants would receive Mr. Ajanel Pelico's arrest record along with Plaintiffs' other hearing exhibits by the next day. (Tr. 24:17–25:4, ECF No. 58.) Assuming Plaintiffs keep to their word, Defendants should have sufficient time to prepare, which limits any prejudice.

Because Mr. Ajanel Pelico is incarcerated, the Court will permit him to testify remotely via videoconference. As with Mr. Mulet, however, the Court need not issue a writ of *habeas corpus ad testificandum* and instead **ORDERS** that Mr. Ajanel

Pelico be produced as a witness to testify remotely at the preliminary injunction hearing at **a time to be determined between June 3, 2026, and June 5, 2026**. To facilitate such remote proceedings, Plaintiffs' counsel must (1) coordinate with Mr. Ajanel Pelico and the staff at Northeast Ohio Correctional Center to arrange for remote presentation; and (2) coordinate with the Courtroom Deputy, Maria Rossi Cook, to ensure that live videoconferencing is feasible.

The Court is not so convinced, though, about the propriety of Professor Blair's testimony. Plaintiffs intend to call Professor Blair "to authenticate and summarize, as permitted by the Rules of Evidence, data on immigration arrests in Ohio obtained via FOIA requests from DHS and ICE." (ECF No. 54, PAGEID # 764.) His testimony is "highly relevant," Plaintiffs argue, because "it rebuts any argument by Defendants that the four Plaintiffs' arrests present idiosyncratic situations, rather than a policy, pattern, or practice." (*Id.*, PAGEID # 770.)

Although Plaintiffs insist that Professor Blair "is not called as an expert in data analysis," certain points belie this position. For instance, without more details on the particular data that Professor Blair will be presenting, his ability to summarize such data may require technical or specialized knowledge that lay people do not possess, which would bring him into expert territory without the required disclosures. *Cf. Heritage Mut. Ins. Co. v. Reck*, 127 F. App'x 194, 199 (6th Cir. 2005) ("[A] person may testify as a lay witness ... if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person."). Furthermore, insofar as Professor Blair's testimony goes beyond

8

summarizing data and into rebutting Defendants' arguments, "a lay witness may not explain to [the fact-finder] what inferences to draw ... because this crosses the line from evidence to argument." *United States v. Howell*, 17 F.4th 673, 685 (6th Cir. 2021). Simply put, the Court is concerned about the helpfulness and appropriateness of Professor Blair's testimony and remains cognizant of the "risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Committee's Notes to 2000 amendment.

Based on these concerns, the Court **RESERVES RULING** on this part of Defendants' Motion until the hearing, when the scope and significance of Professor Blair's testimony can be determined.

### D.    Conclusion

For the foregoing reasons, Plaintiffs' Motion (ECF No. 54) is **GRANTED** as to Mr. Mulet, **DENIED** as to Plaintiffs and Mr. Montoya-Sedillo, and **GRANTED** as to Mr. Ajanel Pelico. Defendants' Motion (ECF No. 56) is **DENIED** as to Mr. Ajanel Pelico. The Court **RESERVES RULING** on Defendants' Motion (ECF No. 56) as to Professor Blair, but insofar as he is permitted to testify, the Court **GRANTS** Plaintiffs' Motion (ECF No. 54) to allow him to do so remotely.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

9